UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK

| | |
|---|---|
| ROSETTA COCHRAN,<br><br>                              Plaintiff,<br><br>- against -<br><br>THE CITY OF NEW YORK, DETECTIVE JAMES RIVERA (SHIELD #5027) and UNDER COVER OFFICER, SHIELD #0098<br>                              Defendants. | Civil Action No: 16 CV 5405 (ENV) (VMS)<br><br>**VERIFIED AMENDED COMPLAINT**<br><br>Jury Trial Demanded |

       Plaintiff, ROSETTA COCHRAN, by her attorneys, OKUN, ODDO & BABAT, P.C., complaining of the defendants, respectfully alleges as follows:

### PRELIMINARY STATEMENT

       1.     Plaintiff brings this action for compensatory damages, punitive damages and attorney's fees pursuant to 42 U.S.C. § 1983 and 42 U.S.C. § 1988 for violations of her civil rights, as said rights are secured by said statutes and the Constitutions of the State of New York and the United States of America.

### JURISDICTION

       2.     This action is brought pursuant to 42 U.S.C. § 1983 and 42 U.S.C. § 1988, and the Fourth and Fourteenth Amendments to the United States Constitution.

       3.     Jurisdiction is founded upon 28 U.S.C. §§ 1331, 1343, and 1367.

### VENUE

       4.     Venue is properly laid in the Eastern District of New York under U.S.C. § 1391(b), in that this is the District in which the claim arose.

### JURY DEMAND

       5.     Plaintiff respectfully demands a trial by jury of all issues in this matter pursuant to Fed. R. Civ. P. 38(b).

### PARTIES

6. Plaintiff, Rosetta Cochran, is, and has been, at all relevant times a resident of the County of Kings, City and State of New York.

7. Defendant, THE CITY OF NEW YORK, was and is a municipal corporation duly organized and existing under and by virtue of the laws of the State of New York.

8. Defendant, THE CITY OF NEW YORK, maintains the New York City Police Department, a duly authorized public authority and/or police department, authorized to perform all functions of a police department as per the applicable sections of the New York State Criminal Procedure Law, acting under the direction and supervision of the aforementioned municipal corporation, The City of New York.

9. At all times hereinafter mentioned, the individually named defendants, THE CITY OF NEW YORK, DETECTIVE JAMES RIVERA (SHIELD #5027) and UNDER COVER OFFICER, SHIELD #0098, were duly sworn law enforcement officers of said departments and were acting under the supervision of said departments and according to their official duties.

10. At all times hereinafter mentioned the defendants, either personally or through their employees, were acting under color of state law and/or in compliance with the official rules, regulations, laws, statutes, customs, usages and/or practices of the State or City of New York.

11. Each and all of the acts of the defendants alleged herein were done by said defendants while acting within the scope of their employment by defendant, THE CITY OF NEW YORK.

12. Each and all of the acts of the defendants alleged herein were done by said defendants while acting in furtherance of their employment by defendant, THE CITY OF NEW YORK.

**FACTS**

13. On or about January 29, 2014, at approximately 5:30 a.m., plaintiff, ROSETTA COCHRAN, was lawfully present at 1506 Sterling Place, Apt. 1A, Brooklyn, New York.

14. At that time and place, the above named individual officers approached the plaintiff, handcuffed her arms tightly behind her back.

15. At no time on January 29, 2014, did the defendant officers possess justification or probable cause to arrest the plaintiff, ROSETTA COCHRAN.

16. Thereafter, the plaintiff was transferred to a nearby police precinct.

17. At no time on January 29, 2014, did plaintiff commit any crime or violation of law.

18. At no time on January 29, 2014, did defendants possess information that would lead a reasonable officer to believe probable cause existed to arrest plaintiff.

19. In connection with her arrest, the defendants filled out false and/or misleading police reports.

20. In connection with her arrest, the defendants improperly set up a line-up, handcuffing the plaintiff in the line-up, while not handcuffing any of the other persons in the line-up.

21. As a direct result of her unlawful arrest and the unlawful acts of the defendants, the plaintiff spent approximately thirty-six (36) hours in custody.

22. Additionally, as a direct result of the defendants' unlawful actions, plaintiff was required to attend fifteen to twenty (15-20) court appearances.

23. Despite defendants' actions, all charges against plaintiff, ROSETTA COCHRAN, were dismissed and sealed on May 10, 2016.

24. As a result of the foregoing, plaintiff, ROSETTA COCHRAN, sustained, *inter alia*, mental anguish, emotional distress, shock, fright, apprehension, embarrassment, humiliation, and deprivation of her constitutional rights.

### FIRST CLAIM FOR RELIEF FOR DEPRIVATION OF FEDERAL RIGHTS UNDER 42 U.S.C. § 1983

25. Plaintiff repeats, reiterates, and realleges each and every allegation contained in

paragraphs 1 through 24 with the same force and effect as if fully set forth herein.

26. All of the aforementioned acts of defendants, their agents, servants and employees, were carried out under the color of state law.

27. All of the aforementioned acts deprived plaintiff, ROSETTA COCHRAN, of the rights, privileges and immunities granted to citizens of the United States by the Fourth and Fourteenth Amendments to the Constitution of the United States of America, and in violation of 42 U.S.C. § 1983.

28. The acts complained of were carried out by the aforementioned individual defendants in their capacities as police officers with all the actual and/or apparent authority attendant thereto.

29. The acts complained of were carried out by the aforementioned individual defendants in their capacities as police officers, pursuant to the customs, usages, practices, procedures, and rules of the City of New York and the New York City Police Department, all under the supervision of ranking officers of said departments.

30. Defendants, collectively and individually, while acting under color of state law, engaged in conduct which constituted a custom, usage, practice, procedure or rule of the respective municipality/authority, which is forbidden by the Constitution of the United States.

## SECOND CLAIM FOR RELIEF FOR FALSE ARREST UNDER 42 U.S.C. § 1983

31. Plaintiff repeats, reiterates and realleges each and every allegation contained in paragraphs 1 through 30 with the same force and effect as if fully set forth herein.

32. As a result of the aforesaid conduct by defendants, plaintiff was subjected to illegal, improper and false arrest by the defendants, taken into custody, and caused to be falsely imprisoned, detained, and confined without any probable cause, privilege or consent.

33. As a result of the aforesaid conduct by defendants, plaintiff was subjected to an improper and illegal line-up.

34. As a result of the foregoing, plaintiff's liberty was restricted for an extended period of time, she was put in fear for his safety, and she sustained, *inter alia*, mental anguish, emotional distress, shock, fright, apprehension, embarrassment, humiliation, and deprivation of her constitutional rights.

### THIRD CLAIM FOR RELIEF FOR MUNICIPAL LIABILITY UNDER 42 U.S.C. § 1983

35. Plaintiff repeats, reiterates and realleges each and every allegation contained in paragraphs 1 through 34 as if the same were more fully set forth at length herein.

36. Defendants arrested and incarcerated plaintiff, ROSETTA COCHRAN, in the absence of any evidence of criminal wrongdoing, notwithstanding their knowledge that said arrest and incarceration would jeopardize plaintiff's liberty, well-being, safety and constitutional rights.

37. The acts complained of were carried out by the aforementioned individual defendants in their capacities as police officers and officials, with all the actual and/or apparent authority attendant thereto.

38. The acts complained of were carried out by the aforementioned individual defendants in their capacities as police officers and officials pursuant to the customs, policies, usages, practices, procedures, and rules of the City of New York and the New York City Police Department, all under the supervision of ranking officers of said departments.

39. The aforesaid customs, policies, usages, practices, procedures and rules of the City of New York and the New York City Police Department directly cause, *inter alia*, the following unconstitutional practices:

    i. arresting individuals regardless of probable cause in order to inflate the officer's arrest statistics;

    ii. arresting individuals regardless of probable cause in order to cover-up police misconduct

    iii. falsifying evidence and testimony to support those arrests;

      iv.    falsifying evidence and testimony to cover-up police misconduct.

      v.    performing illegal and improper line-ups

40. The foregoing customs, policies, usages, practices, procedures and rules of the City of New York and the New York City Police Department led directly to officers of those institutions expressing deliberate indifference to the safety, well-being and constitutional rights of plaintiff, ROSETTA COCHRAN.

41. The foregoing customs, policies, usages, practices, procedures and rules of the City of New York and New York City Police Department constituted deliberate indifference to the safety, well-being and constitutional rights of plaintiff.

42. The foregoing customs, policies, usages, practices, procedures and rules of the City of New York and the New York City Police Department were the direct and proximate cause of the constitutional violations suffered by plaintiff as alleged herein.

43. The foregoing customs, policies, usages, practices, procedures and rules of the City of New York and the New York City Police Department were the moving force behind the constitutional violations suffered by plaintiff as alleged herein.

44. As a result of the foregoing customs, policies, usages, practices, procedures and rules of the City of New York and the New York City Police Department, plaintiff was incarcerated unlawfully.

45. Defendants, collectively and individually, while acting under color of state law, were directly and actively involved in violating the constitutional rights of plaintiff.

46. Defendants, collectively and individually, while acting under color of state law, acquiesced in a pattern of unconstitutional conduct by subordinate police officers, and were directly responsible for the violation of plaintiff's constitutional rights.

47. All of the foregoing acts by defendants deprived plaintiff of federally protected rights, including, but not limited to, the rights:

      i.      not to be deprived of liberty without due process of law;

      ii.     to be free from seizure and arrest not based upon probable cause;

      iii.    to be free from unwarranted and malicious criminal prosecution;

      iv.    to be free from an improper and illegal line-up

      v.     to be afforded a fair trial.

### FOURTH CLAIM FOR RELIEF UNDER N.Y. STATE LAW
### MALICIOUS PROSECUTION

48. Plaintiff repeats, reiterates and realleges each and every allegation contained in paragraphs 1 through 47 with the same force and effect as if fully set forth herein.

49. Defendants misrepresented and falsified evidence before the Kings County District Attorney.

50. Defendants did not make a complete and full statement of facts to the District Attorney.

51. Defendants withheld exculpatory evidence from the District Attorney.

52. Defendants conducted an improper and illegal line-up

53. Defendants were directly and actively involved in the initiation of criminal proceedings against plaintiff, ROSETTA COCHRAN.

54. Defendants lacked probable cause to initiate criminal proceedings against plaintiff, ROSETTA COCHRAN.

55. Defendants acted with malice in initiating criminal proceedings against plaintiff, ROSETTA COCHRAN.

56. Defendants were directly and actively involved in the continuation of criminal proceedings against plaintiff, ROSETTA COCHRAN.

57. Defendants lacked probable cause to continue criminal proceedings against plaintiff, ROSETTA COCHRAN.

58. Defendants misrepresented and falsified evidence throughout all phases of the criminal proceedings, including but not limited to, at the grand jury.

59. Specifically, defendants falsely, maliciously, and knowingly alleged that plaintiff was involved in criminal possession and sale of a controlled substance on January 29, 2013 and performed an improper and illegal line-up.

60. Notwithstanding the perjurious and fraudulent conduct of defendants, the criminal proceedings were terminated in plaintiff's favor on or about May 10, 2016, when the charges against her were dismissed.

61. As a result of the foregoing, plaintiff's liberty was restricted for an extended period of time, she was put in fear for his safety, and she was humiliated and subjected to handcuffing and other physical restraints without probable cause.

**WHEREFORE**, the plaintiff respectfully requests judgment against defendants as follows:

i. an order awarding compensatory damages in an amount to be determined at trial;

ii. an order awarding punitive damages in an amount to be determined at trial;

iii. reasonable attorneys' fees and costs under 42 U.S.C. §1988; and

iv. directing such other and further relief as the Court may deem just and proper, together with attorneys' fees, interest, costs and disbursements of this action.

Dated: New York, New York
January 30, 2017

OKUN, ODDO & BABAT, P.C.

By: _____
Darren Seilback, Esq. (DS-1359)
Attorneys for Plaintiff
8 West 38th Street, Suite 1002
New York, New York 10018
(212) 642-0950
File: 10931

UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK

| | |
|---|---|
| ROSETTA COCHRAN,<br><br>                        Plaintiff,<br><br>- against -<br><br>THE CITY OF NEW YORK and POLICE OFFICERS "JOHN DOE 1-10," individually and in their official capacities (the name "John Doe" being fictitious as the true names are not presently known),<br><br>                      Defendants. | Civil Action No:  16 CV 5405 (ENV) (VMS)<br><br>**VERIFICATION** |

STATE OF NEW YORK   )
COUNTY OF NEW YORK ) ss.:

      The undersigned, an attorney admitted to practice in the Courts of the State of New York, hereby affirms under the penalties of perjury as follows:

      That affirmant is the attorney for the plaintiff in the within action; that affirmant has read the foregoing AMENDED COMPLAINT and knows the contents thereof; that the same is true to affirmant's knowledge, except the matters stated to be alleged on information and belief, and that those matters affirmant believes to be true. The reason this verification is made by affirmant and not by the plaintiff is that the plaintiff does not reside in the County in which affirmant maintains an office. The grounds of belief as to all matters not stated upon affirmant's knowledge are documents, correspondence and records maintained in affirmant's files and conversations and conferences had with the plaintiff.

Dated: New York, New York
       January 30, 2017

                                                DARREN SEILBACK (DS-1359)